IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOROTHY V. CREW HARRIS<br>1135 Homestead Road<br>South Euclid, OH 44121<br><br>        Plaintiff,<br><br>v.<br><br>REISENFELD & ASSOCIATES, L.P.A.<br>3963 Red Bank Road<br>Cincinnati, OH 45227<br><br>and<br><br>CARRIE L. ROUSE<br>Reisenfeld & Associates, L.P.A.<br>3963 Red Bank Road<br>Cincinnati, OH 45227<br><br>and<br><br>MATTHEW C. STEELE<br>Reisenfeld & Associates, L.P.A.<br>3963 Red Bank Road<br>Cincinnati, OH 45227<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT: UNLAWFUL DEBT COLLECTION PRACTICES; AND JURY DEMAND** |

### I. JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue is proper in this district because the parties reside in this district, and the conduct complained of occurred in this district.

## II. INTRODUCTION

2.  This private attorney general action seeks to prohibit attorney debt collectors from the unconscionable, deceptive, unfair practice against a consumer in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This action requests statutory damages, actual damages, attorney fees and costs.

## III. PARTIES

3.  Plaintiff Dorothy V. Crew Harris ("plaintiff") (dob. 11/20/20) is a 91 year old person who has resided at 1135 Homestead Road, South Euclid, Cuyahoga County, Ohio, and is a consumer as defined in 15 U.S.C. § 1692a(3).

4.  Defendant Reisenfeld & Associates, L.P.A ("RA") is an Ohio law firm which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. § 1692a(6).

5.  Defendant Carrie L. Rouse is a licensed Ohio attorney who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. § 1692a(6).

6.  Defendant Matthew C. Steele is a licensed Ohio attorney who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C. § 1692a(6).

7.  Defendant RA, defendant Carrie L. Rouse, and defendant Matthew C. Steele are collectively referred to as "RA defendants."

## IV. STATEMENT OF THE FACTS

8.  On December 28, 2010, RA defendants filed a complaint in foreclosure in

the Cuyahoga County Common Pleas Court, Case No. 10 CV 744461 on behalf of Wells Fargo Bank, N.A. ("Wells Fargo") ("foreclosure case"). The Complaint sought to foreclose on the Cuyahoga County property located at 1135 Homestead Road, South Euclid, Ohio 44121 ("the property"), where plaintiff resides and has resided since on or about January 5, 1978.

9. The Complaint also sought judgment in the amount of $69,972.16 at an interest rate of 6.05000%, which was the result of an alleged delinquency under the terms of a Note and Mortgage that allegedly was assigned to Wells Fargo.

10. Pursuant to Fed. Evid.R. 201, it is requested that this Court take judicial notice of the public documents that demonstrate plaintiff's address is at the property. *See the* deed to the property, http://recorder.cuyahogacounty.us/searchs/Parcellist.aspx; http://recorder.cuyahogacounty.us/searchs/Parcellist.aspx; and telephone book listing, http://anywhoyp.yellowpages.com/whitepages?fap_terms%5Bfirst%5D=dorothy&fap_terms%5Blast%5D=harris&fap_terms%5Bcity%5D=South+Euclid&fap_terms%5Bstate%5D=OH&fap_terms%5Bsearchtype%5D=phone; and Exhibits A and B attached to the amended foreclosure complaint dated July 26, 2011.

11. On or about August 29, 2011, RA defendants were notified by the Cuyahoga County Clerk of Courts that there was a failure of service on plaintiff at 44 Fifer Lane, Lexington, MA 02420, where she never resided. The certified mail receipt for the amended complaint came back: "No reason indicated notice mailed to plaintiff(s) attorney."

12. On October 3, 2011, RA defendants filed an affidavit for service by publication (Exhibit A attached hereto), which was not served upon plaintiff. Proof of publication was filed on November 2, 2011, which was not served upon plaintiff.

13. On December 22, 2011, RA defendants filed a motion for default judgment against plaintiff claiming that it obtained service by publication. The motion was never served upon the plaintiff.

14. The foreclosure action was not legally commenced against plaintiff under Ohio Civ.R. 3(A), because she was not served with process within a year of the filing of the complaint, and the publication service was faulty.

15. RA defendants cannot support a claim of "reasonable diligence" in attempting to learn of plaintiff's address as required by Ohio Civ.R. 4.4(A). *See, e.g., In re Mullenax*, 108 Ohio App.3d 271 (9th Dist. 1996).

16. Information on plaintiff's location was readily available and her whereabouts easily known to anyone who looked at the records at the county recorder's office, the telephone book, or the exhibit attached to the complaint. *See, e.g., In re: J.S.*, 2010 WL 2862459 2010-Ohio-3426 (8th Dist. 2010); and *Kraus v. Maurer*, 38 Ohio App.3d 163 (8th Dist. 2000).

17. RA defendants knew that someone resided at the property, but did not check or have Wells Fargo check who resided there, or how long someone was residing there.

18. Plaintiff did not know or have reason to know that RA defendants attempted to serve her by publication or otherwise until she retained counsel on or about January 31, 2012.

4

19. Through the efforts of plaintiff's counsel, the foreclosure case was dismissed on June 20, 2012.

### V. CLAIM FOR RELIEF (FDCPA)

20. Plaintiff realleges and incorporates by reference all of the allegations contained in the above paragraphs.

21. RA defendants violated plaintiff's rights under the FDCPA in several ways, including, but not limited to:

> a. Engaging in conduct the natural consequence of which is to harass, and/or oppress in violation of 15 U.S.C. § 1692d.
>
> b. Using false, deceptive, and/or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e.
>
> c. Threatening to take legal action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5).
>
> d. Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

22. As a result of RA defendants' actions and inactions, plaintiff is entitled to relief as provided for by 15 U.S.C. § 1692k.

### VI. DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands that this Court:

> a. Enter a judgment on behalf of plaintiff against RA defendants for all actual and/or statutory damages to which she may be entitled pursuant to 15 U.S.C. § 1692(k).
>
> b. Award reasonable attorneys' fees against RA defendants as provided by 15U.S.C. § 1692k(a)(3);
>
> c. Grant plaintiff any and all other relief that is proper.

...

Respectfully submitted,

*[signature]*

Edward A. Icove (0019646)
Harold L. Williams (0022238)
Icove Legal Group, Ltd.
Terminal Tower, Suite 627
50 Public Square
Cleveland, Ohio 44113
(216) 802-0000; Fax: (216) 802-0002
ed@icovelegal.com
harold@icovelegal.com

Attorneys for Plaintiff

### JURY DEMAND

Plaintiff demands a trial by jury in this case.

*[signature]*

Edward A. Icove – 0019646
Attorney for Plaintiff